JUAN MALDONADO, Representing his minor daughter EMILIA MALDONADO, Plaintiff and Appellant, *v.* JUAN AVALO-COLLAZO, Defendant and Appellee.

No. 4410. Argued May 9, 1928.—Decided July 10, 1928.

*O'Neill & O'Neill* for the appellant.  *Salvador Suau* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The court below sustained a demurrer for want of facts sufficient to constitute a cause of action, and, upon failure of plaintiff to amend the complaint, rendered judgment for defendant.

The complaint alleges that defendant was the owner of an automobile, No. 8310. Another paragraph describes an

accident in which plaintiff was injured by the automobile, number 8310, the property of defendant. A third averment is that the accident was due to the carelessness and negligence of the driver.

The demurrer specifies the omission of the name of the driver, and the absence of any averment that defendant was in the automobile at the time.

Sections 16 and 17 of "An Act to regulate the operation of motor vehicles in Porto Rico, and for other purposes," Laws of Porto Rico 1916, page 140, read as follows:

"Section 16.—That the owner of a motor vehicle shall be obliged to furnish the Commissioner of the Interior with all the information he may have relative to the identity of any person driving such vehicle at a time when an accident has occurred in connection with the operation of such vehicle. When such information is not furnished with reasonable promptness, the Commissioner of the Interior may suspend the license for the operation of such vehicle. In any action brought under the provisions of this Act, the proof of the license number of a motor vehicle shall be held to be presumptive evidence that the person registered as the owner of such vehicle was operating it at the time; *Provided,* That if such owner shall submit to examination under oath as to who was operating the vehicle at the time in question and shall state under oath the name of another person as operating such vehicle at such time, the presumptive evidence shall be overcome and removed and the burden of proof shifted.

"Section 17.—That the owner of any motor vehicle shall be responsible for damage caused by the negligence of the operator or chauffeur while such owner is in the vehicle."

The court below, in sustaining the demurrer, cited *Méndez* v. *Baldassari,* 28 P.R.R. 571, and *Miranda* v. *P. R. Ry., Light & Power Co.,* 31 P.R.R. 738.

Appellant, in turn, relies upon section 16, *supra,* in connection with the bald proposition that presumptions of law need not be pleaded.

It is an equally elementary principle of pleading that evidentiary facts should not be stated in a complaint, and that the ultimate fact must be set forth.

In the instant case we are not confronted with the omission of an inference or legal presumption, based upon a primary fact, itself an essential element in the cause of action. The number of the automobile was not one of the facts constituting the cause of action. Viewing the case from the standpoint of appellant, the ultimate fact was that the owner of the car was driving it at the time of the accident. Identification of the car by license number as belonging to defendant is made by law *prima facie* evidence of the fact that the owner was at the wheel. Ordinarily it is the fact, not the evidence of that fact, which must be alleged.

This is not a case wherein a contract relied upon by plaintiff as an ultimate fact is presumed to be supported by a sufficient consideration or wherein a contract alleged to have been made is presumed to have been reduced to writing when required by statute to be in writing, or wherein a promise to pay is implied from other facts out of which an obligation to pay necessarily arises. In the absence of any citation of authority by appellant we need not undertake at this time to distinguish further between the decided cases, or to draw any more definite line of demarcation between those which follow and apply the rule that the ultimate fact must be pleaded and those which adhere to the principle that presumptions of law have no proper place in a pleading.

The judgment appealed from must be affirmed.